IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

EUGENE MAESTAS,

        Plaintiff,

v.                                  CIV. NO.

MITRA MOAZAMI, in her individual capacity,
MICHAEL J. MONROE, in his individual
capacity, GREG SOLANO, SANTA FE
COUNTY SHERIFF, in his individual and
official capacities, and MANAGEMENT &
TRAINING CORPORATION,

        Defendants.

## COMPLAINT FOR CIVIL RIGHTS VIOLATIONS, TORT CLAIMS, AND DAMAGES

Plaintiff, Eugene Maestas, by and through his attorneys, Kennedy and Han, P.C., hereby brings this Complaint for violation of his civil rights under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §§ 1983 and 1988 and pendant state claims, including negligence, and claims under the New Mexico Tort Claims Act, and alleges as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action under 42 U.S.C. §§ 1983 and 1988, and 28 U.S.C. §§ 1331 and 1343, with pendent jurisdiction over the state law claims.

2. Venue is proper in this District as Defendants are all either residents of New

Mexico or are doing business within the state of New Mexico. All of the acts complained of occurred in New Mexico.

## PARTIES

3. Plaintiff Eugene Maestas is a citizen and resident of the state of New Mexico.

4. Upon information and belief, Defendant Mitra Moazami, at all times material to the Complaint, was a Probation and Parole Officer employed by the State of New Mexico Department of Corrections, Probation and Parole Division, in the Española District Office. Defendant Moazami is sued in her individual capacity. At all times material to this complaint, Defendant Moazami was acting within the scope of her duties as a probation officer and under color of state law.

5. Upon information and belief, Defendant Michael J. Monroe, at all times material to the Complaint, was employed by the State of New Mexico Department of Corrections, Probation and Parole Division as a supervisor over Probation and Parole Officers in the Española District Office, with direct supervisory authority over Defendant Mitra Moazami. Defendant Monroe is sued in his individual capacity. At all times material to this complaint, Defendant Monroe was acting within the scope of his duties and under color of state law.

6. Upon information and belief, Defendant Greg Solano, at all times material to the Complaint, was the Sheriff of the County of Santa Fe, and therefore had

authority over the detention of Plaintiff Maestas. Defendant Solano is sued in his individual and official capacities. At all times material to this complaint, Defendant Solano was acting within the scope of his duties and under color of state law.

7. Defendant Management & Training Corporation ("MTC") is a Delaware corporation, which at all relevant times herein was contracted by Santa Fe County to run the Santa Fe County Adult Detention Center, performing what is traditionally a state function.

## FACTUAL BACKGROUND

8. On or about May 10, 2004, Plaintiff Eugene Maestas pled guilty to two counts of fraudulently obtaining a controlled substance in New Mexico First Judicial District Court, in the County of Santa Fe, Cause No. D-101-CR-2000-01007. Plaintiff received a three (3) year sentence, which was suspended on the condition of serving eighteen months on probation.

9. Defendant Mitra Moazami was assigned as Plaintiff Maestas' probation officer, with his probation to be served out of the Española office of the New Mexico Probation and Parole Division.

10. On June 14, 2004, while on probation, Plaintiff was arrested and brought into custody on new charges. A bench warrant was issued for Plaintiff by the Rio Arriba County Magistrate Court for the new charges. Plaintiff was held in custody in the Santa Fe County Adult Detention Center, which was run by

MTC.

11. Plaintiff's probation officer, Defendant Mitra Moazami, also issued an Arrest Order on June 14, 2004 for Plaintiff, with a no bond hold.

12. On June 15, 2004, Plaintiff Maestas appeared on the new charges, and was released without bond by Española Magistrate Judge Tony F. Martinez. As a result, a Release Order was issued to the Santa Fe County Detention Center, stating that Plaintiff was to be released from custody on the new charges. Despite that Release Order, Plaintiff Maestas was not released, but continued to be held pursuant to the Arrest Order issued by his probation officer, Defendant Moazami.

13. Defendant Moazami failed to file any Probation Violation Report or Affidavit with the District Court Judge who sentenced Plaintiff in CR 2000-01007 regarding Plaintiff Maestas' alleged probation violations. The Probation Violation Report would have given notice to the District Court Judge that Plaintiff Maestas was being held pursuant to an arrest and hold order issued by the probation officer. This notice would have then triggered the District Court to notify the District Attorney about Plaintiff Maestas' custodial status.

14. As a result of Defendant Moazami's failure to file a Probation Report, or take any action to notify the District Court of Plaintiff's incarceration, much less its basis, therefore, Plaintiff Maestas was denied a hearing or an opportunity to be heard, for the following fifteen (15) months. Plaintiff Maestas was

therefore held without due process for over fifteen (15) months.

15. The Arrest Order to hold Plaintiff Maestas without bond was issued to the Santa Fe County Adult Detention Center on June 14, 2004. The arrest order for Plaintiff, valid for only five (5) days absent any further action from the court, became invalid on June 21, 2004.

16. Defendants Solano and MTC continued to unlawfully hold Plaintiff Maestas in custody from June 21, 2004 until October 3, 2005 (469 days).

17. Defendant Solano, as Santa Fe County Sheriff, is responsible for valid incarcerations in Santa Fe County jails. As such, he was responsible for ensuring that none of those held in the Santa Fe County Adult Detention Center were being held unlawfully.

18. Defendant Solano permitted Defendant MTC to unlawfully hold Plaintiff Maestas for 469 days.

19. Defendant Michael Monroe, as Defendant Moazami's immediate supervisor, failed to supervise Defendant Moazami or to ensure that she filed a Probation Violation Report with the District Court Judge.

20. Upon information and belief, some time after June of 2004, Defendant Moazami left the employment of the New Mexico Department of Corrections. Once Defendant Moazami was no longer Plaintiff Maestas' probation officer, his case became the direct responsibility of Defendant Moazami's supervisor, Defendant Michael Monroe. Like Defendant

Moazami, Defendant Monroe failed to file a Probation Violation Report or an Affidavit or any documentation that would give notice to the District Court Judge of Plaintiff Maestas' incarceration. He also failed to direct any other probation officer to do so, and failed to assign Plaintiff Maestas to a new probation officer.

21. On September 27, 2005, public defender Molly Schmidt-Nowara requested a hearing regarding Plaintiff's longstanding incarceration without a hearing. The hearing was scheduled for October 3, 2005 before the District Court Judge who had sentenced Plaintiff to an eighteen (18) month probationary period.

22. On October 3, 2005, after he had been held without a hearing for 469 days, Plaintiff Maestas appeared before Judge Michael E. Vigil in the First Judicial District Court. Judge Vigil released Plaintiff Maestas and discharged him from probation.

23. Plaintiff spent from June 14, 2004 through October 3, 2005, a total of 475 days, incarcerated on allegations of an alleged probation violation without any opportunity to be heard.

### COUNT I: SECTION 1983 CLAIMS AGAINST DEFENDANTS MOAZAMI, MONROE, SOLANO AND MTC FOR VIOLATIONS OF PLAINTIFF'S FOURTEENTH AMENDMENT RIGHTS TO DUE PROCESS, RESULTING IN A DEPRIVATION OF HIS LIBERTY INTEREST

24. Plaintiff incorporates paragraphs 1 through 23 as though fully set forth herein.

25. The Fourteenth Amendment provides that no person shall be deprived of liberty without due process of law. Consequently, Plaintiff Maestas' probation could not be revoked without due process of law.

26. Defendants MTC and Solano held Plaintiff Maestas in the Santa Fe County Adult Detention Center for 469 days, depriving him of his right to liberty.

27. As a direct and proximate result of Defendants' acts and failures to act, Plaintiff Maestas was unlawfully held in custody.

28. The acts and omissions of Defendants Moazami, Monroe, Solano and MTC were intentional, malicious, sadistic, willful, wanton, obdurate, arbitrary and capricious, and in gross and reckless disregard of Plaintiff's constitutional rights.

29. Defendants' wrongful acts as set forth above proximately caused Plaintiff damages and injuries. These damages include loss of liberty, pain and suffering, and psychological and emotional distress.

WHEREFORE, Plaintiff requests compensatory and punitive damages against all Defendants, together with costs and attorneys fees.

### COUNT II: SECTION 1983 CLAIMS AGAINST DEFENDANTS MOAZAMI, MONROE, SOLANO AND MTC, UNDER THE FOURTH AND FOURTEENTH AMENDMENTS

30. Plaintiff incorporates paragraphs 1 through 29, as though fully set forth herein.

31. Plaintiff brings claims for unlawful detention under the Fourth Amendment,

which applies to the states through the Fourteenth Amendment.

32. Plaintiff's continued incarceration in the Santa Fe County Adult Detention Center on an invalid Arrest Order violated Plaintiff's constitutional right against unreasonable seizure under the Fourth Amendment to the United States Constitution.

33. Plaintiff's unlawful incarceration in violation of his Fourth Amendment rights was a direct and proximate result of the acts and omissions of the Defendants Moazami, Monroe, Solano and MTC.

34. Defendants Moazami, Monroe, Solano and MTC acts were objectively unreasonable, intentional, willful, wanton, obdurate, and in gross and reckless disregard of Plaintiff's rights under the Fourth Amendment to the United States Constitution.

35. The acts and omissions of Defendants Moazami, Monroe, Solano and MTC proximately caused Plaintiff Maestas damages and injuries, including pain and suffering, psychological and emotional distress, and loss of liberty.

WHEREFORE, Plaintiff requests compensatory and punitive damages against all Defendants, together with all costs and attorneys fees.

### ALTERNATIVE TO COUNT II: SECTION 1983 CLAIMS AGAINST DEFENDANTS MOAZAMI, MONROE, SOLANO AND MTC UNDER THE EIGHTH AND FOURTEENTH AMENDMENTS

36. Plaintiff incorporates paragraphs 1 through 35 as though fully set forth herein.

37. Plaintiff Maestas alternatively brings claims under the Eighth Amendment, applied to the states through the Fourteenth Amendment, against Defendants Moazami, Monroe, Solano and MTC, in the alternative to Plaintiff's Fourth Amendment claims.

38. Plaintiff's unlawful incarceration was in violation of his rights against cruel and unusual punishment, as proscribed by the Eighth Amendment, which applies to the states through the Fourteenth Amendment to the United States Constitution.

39. Plaintiff's unlawful incarceration was a direct and proximate result of the acts and omissions of the Defendants Moazami, Monroe, Solano and MTC.

40. Defendants Moazami, Monroe, Solano and MTC's acts and failures to act were deliberately indifferent, intentional, malicious, sadistic, willful, wanton, obdurate, and in gross and reckless disregard of Plaintiff's constitutional rights.

41. Defendants Moazami, Monroe, Solano and MTC's acts and failures to act proximately caused Plaintiff damages and injuries, including pain and suffering, psychological and emotional distress and loss of liberty.

WHEREFORE, Plaintiff requests compensatory and punitive damages against all Defendants, together with costs and attorneys fees.

### COUNT III:  STATE TORT CLAIMS AGAINST DEFENDANTS SOLANO AND MTC FOR FALSE IMPRISONMENT AND NEGLIGENT OPERATION OF A JAIL

42. Plaintiff incorporates paragraphs 1 through 41 as though fully set forth herein.

43. Defendants Solano and MTC, at all relevant times, had a duty to ensure that those incarcerated at the Santa Fe County Adult Detention Center are not incarcerated without valid authority.

44. Defendants Solano and MTC falsely imprisoned or held Plaintiff Maestas.

45. Defendants Solano and MTC acted negligently, recklessly and with gross disregard of Plaintiff Maestas' right to be free from unlawful confinement.

46. As a direct and proximate result of Defendants Solano and MTC's acts and failures to act, Plaintiff Maestas was unlawfully imprisoned for 469 days.

47. Defendants Solano and MTC's acts and omissions caused Plaintiff Maestas damages, including but not limited to, loss of liberty, pain and suffering, and emotional distress.

WHEREFORE, Plaintiff requests compensatory and punitive damages against all Defendants, together with all costs and attorneys fees.

### COUNT V: NEGLIGENCE CLAIMS AGAINST DEFENDANT MTC

48. Plaintiff incorporates paragraphs 1 through 47 as though fully set forth herein.

49. Defendant MTC had a duty to exercise reasonable care in the incarceration of citizens.

50. Defendant MTC breached this duty with respect to Plaintiff Maestas.

51. Defendant MTC's negligent conduct proximately caused Plaintiff damages and injuries, including loss of liberty, loss of income, legal fees and costs, and psychological and emotional distress.

WHEREFORE, Plaintiff requests compensatory and punitive damages against Defendant MTC, together with costs and attorneys fees.

### JURY TRIAL DEMAND

52. Plaintiff hereby demands a trial by jury on all counts so triable.

Respectfully submitted,

KENNEDY & HAN, P.C.


 /S/ Nan E. Erdman
PAUL J. KENNEDY
MARY Y. C. HAN
NAN E. ERDMAN
201 Twelfth Street, N.W.
Albuquerque, New Mexico  87102
Phone:  (505) 842-8662
Fax:  (505) 842-0653


PRINCE, SCHMIDT & KORTE, LLP
VITALIA SENA-BACA
2905 Rodeo Park Drive East, Building 2
Santa Fe, New Mexico 87505
Phone:  (505) 982-5380
Fax:  (505) 986-9176

Attorneys for Plaintiff