#### IN THE UNITED STATES DISTRICT COURT

#### FOR THE DISTRICT OF NEW MEXICO

EUGENE MAESTAS,

    Plaintiff,

vs.                                                                                                                  No. CIV 07-0444 JB/ACT

JENNIFER ARCHULETA n/k/a TRUJILLO,
in her individual capacity, MITRA MOAZAMI,
in her individual capacity, MICHAEL J. MONROE,
in her individual capacity, GREG SOLANO,
SANTA FE COUNTY SHERIFF, in his individual and
official capacities, and MANAGEMENT &
TRAINING CORPORATION,

    Defendant.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Letter from Grieta A. Gilchrist to the Court, dated September 29, 2008, and filed January 29, 2009 (Doc. 93). The Court held a hearing on October 10, 2008. In the letter, Ms. Grieta Gilchrist, Plaintiff Eugene Maestas' counsel, asks the Court to resolve certain discovery disputes. For the reasons stated on the record, and for reasons set forth in this Memorandum Opinion and Order, the Court will require Plaintiff Eugene Maestas to amend his interrogatories and requests for production. The Court will also require Defendant Management & Training Corporation ("MTC") to provide the information requested in those amended Interrogatories and Requests for Production.

### BACKGROUND

Maestas served written discovery on MTC. On September 22, 2008, after receiving MTC's answers and responses to Maestas' First Set of Interrogatories and Requests for Production, Gilchrist

wrote a letter to Kurt Wihl, MTC's counsel, outlining several discovery issues. Maestas requested MTC to supplement its answers to the interrogatories and responses to requests for production. Maestas set a September 29, 2008 deadline for seeking the Court's intervention in these discovery issues. Maestas also stated that it was his belief that the parties could resolve these discovery issues without seeking the Court's intervention.

By September 29, 2008, Maestas had received no response from MTC. Maestas therefore approached the Court and requested that it resolve the discovery issues set forth in the letter. In its letter of September 29, 2008, to the Court, Maestas indicated that the discovery requests would seem to be most easily resolved in a telephonic hearing rather than after a full motion briefing. Because Maestas had not heard from MTC, Maestas requested the Court's intervention in this matter. Maestas asked the Court to advise whether it would prefer to schedule a telephonic hearing or whether it would prefer to complete briefing on the discovery issues. In response to Maestas' request, the Court scheduled a telephonic hearing for October 10, 2008 at 9:30 a.m.

On October 10, 2008, Maestas sent the Court a copy of Defendant MTC's Answers and Objections to Plaintiff's First Set of Interrogatories and Requests for Production. Maestas also provided a copy of Ms. Gilchrist's letter of September 22, 2008. Maestas provided these documents for the Court in preparation for the telephonic hearing.

## **ANALYSIS**

For the most part, Maestas is seeking information that may lead to admissible evidence and MTC must provide the requested information. MTC made some representations in Court that need to be reduced to written answers under oath and to provide responses to requests. In some cases, the Court believes that the discovery requests need to be reworded to avoid any objections.

1.     **Interrogatory No. 5.**

Maestas has requested information regarding how it was determined that an inmate had been "erroneously assigned to the jail." Specifically, Maestas asked:

> Please identify and describe MTC's policies, procedures and/or guidelines that were in effect at the Santa Fe County Detention Center ("SFCDC") regarding a determination whether an inmate was 'erroneously assigned to the jail.' Please include, but do not limit your answer to which individual position or positions would make a determination whether an inmate had been erroneously assigned to the SECDC [sic] and how the sheriff was contacted, either verbally or in writing.

Interrogatory No. 5. Based on MTC's representations at the hearing, the Court will require that the Answer to Interrogatory No. 5 be amended to state under oath that MTC has no policies, procedures, or guidelines that were in effect at the time regarding a determination whether an inmate was erroneously assigned to the jail.

2.     **Interrogatory No. 6.**

Interrogatory No. 6 requests:

> Please identify and describe each and every policy, procedure and/or guideline in effect at the Santa Fe County Detention Center ("SFCDC") during MTC's operation of the SFCDC regarding detention of inmates, including but not limited to, the booking of inmates (such as fingerprinting), verifying the lawful authority for detaining the inmate as well as ensuring access of the inmates to the judicial system or to counsel.

Interrogatory No. 6. The Court believes that Interrogatory No. 6 is overbroad. The interrogatory should be edited to read:

> Please identify and describe each and every policy, procedure and/or guideline in effect at the Santa Fe County Detention Center ("SFCDC") during MTC's operation of the SFCDC regarding the booking of inmates (such as fingerprinting), and verifying the lawful authority for detaining the inmate as well as ensuring access of the inmates to the judicial system or to counsel.

The Court will also order MTC to provide an amended answer that provides the information requested in Interrogatory No. 6 as amended.

**3.     Interrogatory No. 8.**

Interrogatory No. 8 asks MTC to identify and describe whether, and in what circumstances, MTC conducted or participated in any investigation regarding Maestas' detention at the SFCDC. See Interrogatory No. 8. MTC responded to Interrogatory No. 8 by stating: "MTC no longer has in its possession, custody, or control grievances from inmates at SFCDC. Warden Dixon does not recall a grievance being filed by Mr. Maestas." Answer to Interrogatory No. 8. To meet the force of the interrogatory, MTC needs to provide a more direct answer. This Interrogatory goes to investigation, and Maestas is entitled to information about whether there was an investigation. MTC needs to answer the question Maestas has posed. MTC may then provide further information if it wishes to do so. Thus, MTC should answer Interrogatory No. 8, and, based on its representations to the Court, should state: Based upon its investigation, and to the best of its knowledge, MTC did not conduct or participate in any investigation regarding the Plaintiff's detention, including the detention at the SFCDC. MTC can then state what it knows.

**4.     Interrogatory No. 9.**

Interrogatory No. 9 asks:

> Please identify and describe each and every occasion on which MTC, in the State of New Mexico, has been accused of unlawful detention during the last five (5) years. For each such accusation, please identify and describe: (a) the person(s) accused; (b) the person(s) making the accusation; (c) the date, location, and nature of the allegations regarding unlawful detention, care, or treatment; (d) whether you or any other agency or person conducted any investigation of the accusation, and if so, the inclusive dates, nature, and results of the investigation, including any discipline imposed, any changes made, and, if another agency or person conducted the investigation, who did so, and whether and when you were informed of the investigation's results; and, (e) whether a lawsuit resulted from the accusation, and if so, the complete case caption, date filed, and current status of the lawsuit.

Interrogatory No. 9. MTC objects to Interrogatory No. 9 on the grounds that it is irrelevant and that it is not reasonably calculated to lead to admissible evidence. See Answer to Interrogatory No. 9.

The Court believes that, with some limitation placed on it, Interrogatory No. 9 is appropriate and is calculated to lead to admissible evidence.  The Court will require MTC to answer with regard to accusations and not merely provide information about cases that led to liability.  MTC may respond using a to a common-sense understanding of the meaning of unlawful detention.

     **5.**     **Request for Production No. 3.**

Request for Production No. 3 states: "Please produce any and all materials, certificates, work books, textbooks, and other documents distributed in the course of training that you provided to the employees of the Santa Fe County Detention Center regarding the arrest, booking, and detention of a person."  Request for Production No. 3.  MTC objects on the grounds that Request for Production No. 3 is overbroad and burdensome.  The Court will overrule MTC's objection and will require MTC to respond.  Request for Production No. 3 appears to have the potential to lead to admissible evidence.

Regarding Request for Production for No. 6, the Court will overrules the objections to No. 6, consistent with its rulings regarding Interrogatories Nos. 5, 6.  MTC has agreed to provide the information sought in Interrogatory No. 7.

**IT IS ORDERED** that the Interrogatories and Requests for Production be amended consistent with this Memorandum Opinion and Order and that MTC Amend its Answers and otherwise provide the requested information according to this Memorandum Opinion and Order.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Vitalia M. Sena-Baca
Prince Schmidt & Korte, LLP
Santa Fe, New Mexico

-- and --

Paul J. Kennedy
Mary Y.C. Han
Grieta A. Gilchrist
Kennedy & Han, P.C.
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Luis E. Robles
Erika E. Anderson
Robles, Rael & Anaya, P.C.
Albuquerque, New Mexico

    *Attorneys for the Defendants Jennifer Trujillo,*
      *Mitra Moazami, and Michael J. Monroe*

Regina Y. Moss
Stephen G. French
French & Associates, P.C.
Albuquerque, New Mexico

    *Attorneys for Defendant Greg Solano*

Kurt Wihl
Mariposa Padilla Sivage
Keleher & McLeod
Albuquerque, New Mexico

    *Attorneys for Defendant Management & Training*
      *Corporation*